**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERESE F.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 4784 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's counsel has moved for approval of attorney's fees to be paid out of the plaintiff's past-due benefits pursuant to 42 U.S.C. §406(b).

The Commissioner agreed to remand this case upon initial review by the district court prior to any briefing. [Dkt. ##13, 14]. On remand from this court, an Administrative Law Judge for the Social Security Administration determined that plaintiff was disabled and entitled to benefits, including $51,379.00 in past-due benefits. Plaintiff and her counsel had a contingency fee agreement whereby she would pay counsel 25% of any award. While counsel does not inform the court what the past due benefit amount was, he does say that his contingency fee would come to $12,844. [Dkt. #23, at Pars. 3, 9]. Despite this, counsel is moving for a discounted award of $5,689.12, after an offset/credit of $989.76 [Dkt. #23, at 6], because he did not brief the case. [Dkt. # 23, at 4]. According to counsel's Summary of Attorney Hours, that's an effective hourly rate of over $1,200

---

[1] Northern District of Illinois Internal Operating Procedure 22 prohibits listing the full name of the Social Security applicant in an Opinion. Therefore, the plaintiff shall be listed using only their first name and the first initial of their last name.

per hour [Dkt. ##23, at 3; 23-1]– an amount greater than the hourly rate generally charged by senior lawyers in the Nation's largest law firms!

A court assesses a Section 406(b) fee request "by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In assessing the reasonableness of the fee agreement, the district court should not start with the lodestar calculation, but should instead consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808. That's not the case here. While counsel filed a Complaint, Complaints do not mean much in Social Security cases. So, at first blush, a total recovery of over $6,500 seems like the kind of windfall courts are supposed to guard against. *Gisbrecht*, 535 U.S. at 808. While counsel assures us that his Complaint was not a "boilerplate," the Complaint didn't really accomplish anything as review of the docket shows. Indeed, the Complaint does include boilerplate – almost necessarily so – and while counsel's fee petition is six pages long, the Complaint is just five. It would seem that more work went into the fee petition than into the Complaint on which the request for fees is based. In saying this, we do not mean in the slightest to be critical or disparaging of counsel's efforts. But those are the undeniable facts.

Further review of the docket also calls into question the amount of work claimed. Counsel says he spent .4 hours reviewing court Order(s) on June 27, 2017 [Dkt. # 23-1]. But as of June 27th, no Orders had yet been entered; the first having been entered on June 30th. Maybe that was an error and counsel spent that time on something else. But compounding that error is the fact that counsel argues that "[h]ad counsel been less experienced and efficient, and had he spent more time on the

case, his computed hourly rate would have been lower. . . . Punishing counsel for efficiency is what this Court would be doing if it cut the requested fee." [Dkt. # 23, Par. 22]. Again, counsel's efficiency never entered into these proceedings. He filed a Complaint and did nothing else. The court conducted an initial review of the record and the ALJ's decision without any briefing, and informed the Commissioner of issues the court had with the decision. The Commissioner then conducted a thoughtful review and chose to voluntarily remand. Given that reality, it is not at all a question of "efficiency." In any event, the point is, even given a reduced contingency rate of 13%, $6,678.88 is a substantial award given the circumstances.

But, counsel tells us his "work in the present case merits an entire award of 13% of past due benefits . . .because of his experience, skill, and *particularly* the risk he assumed of no award at all." [Dkt. # 23, ¶. 14](Emphasis supplied). But, "[g]eneral propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). It must be recalled that the case was remanded by agreement of the Commissioner after this court's initial review, without any input from plaintiff's counsel. [Dkt. ##13, 14]. That being the case, it's not clear how counsel's experience and skill were brought to bear or made any difference in this case. Moreover, how this case could be considered "difficult" or even "of less than ordinary difficulty" as counsel describes it [Dkt. # 23, at Par. 13] is anyone's guess because, again, counsel didn't brief the case. As for the risk of no reward, that is a factor to be considered – as it is in all contingency fee cases. But it is not as significant and surely not as decisive a factor as counsel suggests. *See, e.g., Dettloff v. Colvin*, 2015 WL 3855332, at *1 (N.D. Ill. 2015). While *a* factor, it is not *the* only, or even controlling factor. Otherwise, we would have a *per se* rule, not a discretionary judgment.

The cases counsel cites as examples of similarly high fee awards – *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. 2017); *Smith v. Colvin*, 2014 WL 2829778 (N.D. Ill. 2014); *Newman v. Colvin*, 2014 WL 4913872 (N.D. Ill. 2014); and *Reindl v. Astrue*, 2012 WL 4754737 (N.D. Ill. 2012) – all involved contested and fully briefed motions for summary judgment. That crucial factor is simply ignored. Thus, as yardsticks for the instant request, the cited cases do not influence the outcome. Facts count. *See* the cases cited in *Silversun Indus., Inc. v. PPG Indus., Inc.*, 2017 WL 5127321, at *2 (N.D. Ill. 2017). Judges are not free to ignore them. *See, e.g., By Product Corp. v. Armen-Berry Co.*, 608 F.2d 956, 960 (7th Cir. 1982); *Donald F. Duncan, Inc. v. Royal Tops Mfg. Co.*, 343 F.2d 655, 668 (7th Cir. 1965); *Bassey v. City of Huntington Woods*, 344 Mich. 701, 74 N.W.2d 897, 899 (1956). Indeed, "to generalize is to omit...."*Donnell v. Herring-Hall-Marvin Safe Co.*, 208 U.S. 267, 273 (1908).[2] Thus, this case is closer to cases like *Jaaska v. Berryhill*, 2019 WL 764644 (W.D. Wis. 2019), where a stipulated remand garnered an attorney a reduced award of $2,363,17 ($302 per hour). But even in that case, counsel at least drafted a summary judgment motion and negotiated the stipulated remand.

In the end, the instant fee petition does not accurately recount what happened and thus does not support the requested award of $6,678.88. Thus, an overall award of $3000, less the $989.76 offset/credit is an appropriate fee award here. It is in keeping with the amount of effort that was required in *this* case. As we said at the outset, in coming to this conclusion, we do not in the slightest mean to denigrate the skill or efforts of counsel. Far from it. But here, as in all cases, realities must

---

[2] The technique of brief writing that puts out of view the existence of principles and/or cases that are central to a meaningful analysis has been rejected by the Seventh Circuit. *See e.g., Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1198 (7th Cir.1987). *Accord, Fred A. Smith Lumber Company v. Edidin,* 845 F.2d 750, 753 (7th Cir.1988). *See also Bingham v. New Berlin School Dist.,* 550 F.3d 601, 605 (7th Cir.2008).

dominate the judgment. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 774 (1984).

"There is a real world as well as a theoretical one." *Lee v. Illinois*, 476 U.S. 530, 548 (1986).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/18/19