## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TERESE F.,[1]  )
              )
    Plaintiff, )  No. 17 C 4784
              )
v.            )
              )  Magistrate Judge Jeffrey Cole
ANDREW SAUL, Commissioner of )
Social Security, )
              )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff's counsel has moved for reconsideration under Fed.R.Civ.P. 59 of this court's award of fees under 42 U.S.C. §406(b). [Dkt. ## 27, 28]. As counsel cites no case law regarding motions under that rule or motions for reconsideration generally, a brief revisiting of the principles governing motions for reconsideration is in order.

Mistakes are inherent in the human condition. All judges make them. *See United States v. King*, 910 F.3d 320, 328 (7th Cir. 2018); *Fujisawa Pharmaceutical Co. ., Ltd. v. Kapoor,* 115 F.3d 1332 (7th Cir. 1997). *Cf. Rodriguez v. Chandler,* 492 F.3d 863 (7th Cir.2007) (Easterbrook, J.). They can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy. *Seymour v. Hug*, 413 F.Supp.2d 910, 934 (N.D.Ill. 2005)(Cole, M.J.). But they seldom serve their intended purposes and thus are generally disfavored. *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir.1990); *Roane v. Gonzales*, 832 F.Supp.2d 61, 64 (D.D.C. 2011); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2nd

---

[1] Northern District of Illinois Internal Operating Procedure 22 prohibits listing the full name of the Social Security applicant in an Opinion. Therefore, the plaintiff shall be listed using only their first name and the first initial of their last name.

ed. 2002). And for good reason. The power to reconsider a prior decision is to be exercised only in the rarest of circumstances and only where there is a compelling reason—for example, a change in, or clarification of, law that makes clear that the earlier ruling was erroneous, *Solis v. Current Development Corp.*, 557 F.3d 772, 780 (7th Cir.2009); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir.2006), or where the court made a significant mistake. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir.2008). It is not a mechanism that allows a party to revisit strategic decisions that prove to be improvident, to make arguments that could and should have been made in prior briefing, to express mere disagreement with a decision of the court, or to reprise or "rehash" arguments that were rejected. *Goplin v. WeCONNECT, Inc.*, 893 F.3d 488 (7th Cir. 2018); *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Not surprisingly, a motion for reconsideration under Rule 59, like any motion for reconsideration, also serves a limited function. It must be based on a manifest error of law or fact or on newly discovered evidence. *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012). It is not an opportunity "to advance arguments or theories that could and should have been made before the district court rendered its judgment." *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012). *See also Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018); *Winfield v. Dorethy*, 871 F.3d 555, 559 (7th Cir. 2017).

Nonetheless, as this case unfortunately shows, motions for reconsideration continue to be routinely filed, prompting the Seventh Circuit to remind the Bar that "in a passage quoted by other courts literally hundreds of times... '[a] court's opinions are not intended as mere first drafts, subject

to revision and reconsideration at a litigant's pleasure.'" *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018). Significantly and tellingly, nowhere in the instant motion is there a mention of the phrase "manifest error of law" or any reference to "newly discovered evidence." There is merely the insistence that the court blundered on every count and that the reduction of the requested award was a singular mistake. Judge Gettleman's conclusion in response to a claim that he too had missed the boat fits perfect here: "Defendant is wrong."*Frigon v. Pac. Indem. Co.*, 2007 WL 756384, at *1 (N.D. Ill. 2007). *See also* Gettleman, "*How to Tell a Judge He Screwed Up.*" 32 *Litigation,* 49 (Summer 2006). At bottom, the motion for reconsideration is nothing more than an attempted "do-over." *Hall v. Village of Flossmoor, Ill*., 520 Fed.Appx. 468 (7th Cir. 2013).

First, the facts. Judges are not free to ignore obvious and indisputable facts in any case. Indeed, "'[t]he first step in the resolution of *any* legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant.'" *Kingsley v. Hendrickson*, ⎯⎯ U.S. ⎯⎯, 135 S.Ct. 2466, 2473 (2015)(Emphasis supplied). *See also By Product Corp. v. Armen-Berry Co.*, 608 F.2d 956, 960 (7th Cir. 1982). Social Security cases are not exempt from this obvious rule. Quite the contrary, as the reading of any Social Security case demonstrates. Thus, the fee award was reduced from counsel's request of $6,678.88 to $3,000 in view of the striking and undeniable fact that counsel filed a five-page Complaint in this case and nothing more. The case was *voluntarily* remanded by the Commissioner in response to *this court's* initial review of the record and the ALJ's decision. [Dkt. # 13, # 15, #17]. The review was done four days after the administrative record was filed. The Commissioner agreed to remand the case less than two weeks later. As such, it struck me that $6,678.88 was rather a lot for rather little effort. As counsel's Motion for Reconsideration fails to take any note of this procedural history, my assessment has not changed. Indeed, counsel

3

remarkably argues that "courts permit the Commissioner to defend indefensible cases with impunity." [Dkt. # 28, at 2]. Not only is this assertion untrue, but that is clearly *not* what happened in this case. Ignoring (and distorting) the most important facts underpinning a decision is no way to succeed on a motion for reconsideration.[2]

Counsel originally argued he was ultimately entitled to a contingency fee amounting to over $1200 per hour, based on his experience, his skill, and the risk of no reward at all if he lost. [Dkt. # 23, ¶. 13]. But an overly literal acceptance of these three factors would mean that a fee request made under the circumstances that this one was made could never be reduced. Skill and experience simply do not guarantee the maximum possible fee award or else in certain cases the requested fee of an accomplished lawyer could never be reduced. That we know is not true. Under the circumstances that existed here, the fee award requested was in an amount that clearly was not dependent on the experience and skill of counsel. Quite the contrary.

Counsel's Motion for Reconsideration seems to focus on the element of risk. [Dkt. # 28, Pars. 2, 5-9]. But that is not outcome-dependent *in this case*. Indeed if risk alone determined a fee amount, a reduction in fees in cases like this would be improper, for the outcome of most (if not all) cases can be said to be uncertain. But, as the court said in its Order, risk is just one factor to be considered, and just one of three that counsel relied upon. [Dkt. #27, at 3]. Also, risk may not be as

---

[2] The Motion for Reconsideration ignores that fact that courts have nothing to do with whether the Commissioner determines that a case should be defended or appealed. Trial courts do not sit as *a priori* reviewers, deciding which cases may or may not be defended or appealed. The implications in the plaintiff's contention are antithetical to our entire system of justice.

Even if the defendant's argument was factually accurate, Judge Easterbrook's oft-repeated comment in other contexts is relevant here: "So What?...Who cares?...True, but irrelevant." *Israel Travel Advis. Serv. v. Israel Iden. Tours*, 61 F.3d 1250, 1259 (7th Cir. 1995).

significant as counsel asserts. *See, e.g., Detloff v. Colvin,* 2015 WL 3855332, at *1 (N.D.Ill. 2015).

As Judge Posner observed: "we hear a lot of appeals, and we reverse a lot." http://www.chicagolawbulletin.com/Archives/2015/03 /23/ALJ–benefits–3–23–15.aspx. A Westlaw search indicates that so far this year, 45% of the Social Security disability cases the court heard were reversed. Of course there is still risk, but the degree of risk has to be considered as well. And the stubborn fact is that the risk in this Circuit is simply not as great as counsel has intimated. A one out of two chance is not the same as a one out of five chance. Counsel suggests the risk in Social Security cases is "doubled, perhaps squared" [Dkt. # 26, ¶. 5], but without any statistics. That is unvarnished speculation and, it is fundamental that "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Accord, Madlock v. WEC Energy Group, Inc.*, 835 F.3d 465, 473 (7th Cir. 2018). In sum, two of the three bases for counsel's fee request were irrelevant; the third, while a factor, was not as significant as counsel contended. In sum, the main point here was the procedural history of the case and the little effort counsel had to put forth.

Along these lines, counsel also pointed to *his* efficiency as the reason this case was wrapped up so quickly. [Dkt. # 23, at ¶. 22]. This was a head scratcher, and the Motion for Reconsideration fails to explain what was meant. The procedural history of this case clearly shows that counsel's claimed efficiency played no role at all in this particular case. We do not deny that in other and different cases the plaintiff's counsel may well have played a significant – even pivotal – role. But not here.

Where the court may have erred was in wondering what Orders counsel was spending time reviewing early on in this case. It turns out they were the docket entry assigning the case to Judge

Bucklo and, later, the docket entry reflecting joint consent to the jurisdiction of a magistrate judge. The court did not consider those to be Orders, but now understands the entries in counsel's record. But that played little or no role in the result. Aside from that, counsel complains that the court cited some non-Social Security cases in its Order. [Dkt. # 3]. It's somewhat unclear what the point of the contention is. Those cases merely underscored the importance of the facts *in every case*, and how they cannot be ignored. [Dkt. # 27, at 4]. Social Security cases are not an exception to this overarching principle. In fact, the reading of any Social Security case demonstrates that those cases inevitably turn on the facts. General principles are not outcome-determinative in Social Security cases than in any other kind of case. Indeed, Holmes was fond of saying that "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). *See also Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part)("'general observations'" suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract."); *Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1347 (7th Cir. 1983)("These propositions are quite unexceptionable but as is so often true the general principles that no one disagrees with do not decide the concrete case.").

The facts here – a stipulated remand following on the heels of an initial review by the court, without any briefing at all from plaintiff's counsel – are what drove the court's decision on counsel's fee petition. A careful review of the Motion for Reconsideration does not lead to a different decision than the one initially made on the fee petition. Accordingly, the Motion for Reconsideration [Dkt. 28] is denied.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/29/19